UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICARDO L. RUSAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:16CV00973 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Petitioner Ricardo L. Rusan's Petition Pursuant to 28 U.S.C. § 2255 [1] and Amended Petition Pursuant to 28 U.S.C. § 2255 [2].

**I.    BACKGROUND**

On January 10, 2005, a complaint was filed charging Petitioner Ricardo L. Rusan ("Petitioner") with knowingly and intentionally committing robbery of a federally insured institution in violation of 18 U.S.C. § 2113(a).[1] Petitioner was indicted for the charge on January 27, 2005. On September 21, 2005, a second count was added, through the filing of an information and waiver of indictment, charging Petitioner with taking and carrying away, with the intent to steal and purloin, property of value exceeding $1,000 belonging to a bank in violation of 18 U.S.C. § 2113(b). A jury found Petitioner guilty on both counts on September 22, 2005.

To determine Petitioner's sentence, the Court used the 2004 Guidelines Manual and calculated Petitioner's base offense level at 20. Two levels were added because the property of a financial institution was taken. His offense level was increased to 32 because he was found to be

---

[1] Petitioner's criminal case is *United States v. Ricardo L. Rusan*, 4:05CR00056 CEJ.

1

a career offender. He did not receive an adjustment for acceptance of responsibility. His total offense level was 32, and his criminal history category was VI. The guideline range was 210 to 240 months. On December 14, 2005, the Court sentenced Petitioner to a term of 240 months imprisonment on Count I, 120 months imprisonment on Count II, to run concurrently, and a two-year term of supervised release.

After the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2251 (2015), Petitioner filed the present motion to correct his sentence asserting he is no longer a career offender in light of the Supreme Court's decision in *Johnson*.

## II. ANALYSIS

In *Johnson*, the Supreme Court determined the residual clause in the definition of "violent felony" in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. 135 S. Ct. 2551. Subsequently, in *United States v. Welch*, the Supreme Court ruled *Johnson* was a substantive new rule, retroactive on collateral review. 136 S. Ct. 1257 (2016). In *United States v. Beckles*, the Supreme Court held the United States Sentencing Guidelines, which uses the same language as the ACCA, which was determined to be unconstitutionally vague in *Johnson*, were not subject to a void for vagueness challenge, because the Guidelines are advisory, not mandatory. 137 S. Ct. 886 (2017).

Petitioner asserts his sentence should be vacated because he was sentenced under an effectively mandatory guidelines regime and the ruling in *Johnson* applies to mandatory guideline sentences.[2]

---

[2] Prior to 2005, the Guidelines were mandatory. In January 2005, the Supreme Court held the guidelines were, in part, unconstitutional, and should be applied in an advisory manner. *United States v. Booker*, 543 U.S. 220 (2005).

Petitioner's claim is without merit after the Supreme Court's ruling in *Beckles*. The ruling in *Beckles* forecloses Petitioner's argument the guidelines in 2005 were effectively mandatory. Petitioner argues the guidelines were effectively mandatory until at least 2009 when the Supreme Court decided *Spears v. United States*, 555 U.S. 261 (2009). However, the defendant in *Beckles* was sentenced on October 17, 2007, and the 2006 guidelines manual was used to determine he was a career offender. 137 S. Ct. at 890. The guidelines were still determined to be advisory by the Supreme Court, which stated "because they merely guide the district court's discretion, the Guidelines are not amenable to a vagueness challenge." *Id.* at 894. This Court will not determine the guidelines, as analyzed in the Supreme Court's opinion, were mandatory, in direct contravention of the Supreme Court's opinion they were not mandatory. Therefore, Petitioner's sentence may not be reduced pursuant to *Johnson*.

## III. CERTIFICATE OF APPEALABILITY

The Court finds Petitioner has not made a substantial showing of the denial of a constitutional right, as required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Petitioner's § 2255 Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Ricardo L. Rusan's Petition Pursuant to 28 U.S.C. § 2255 [1] and Amended Petition Pursuant to 28 U.S.C. § 2255 [2] are **DENIED**, **with prejudice**.

So Ordered this 26th day of March, 2018.

                                                 **E. RICHARD WEBBER**
                                                 **SENIOR UNITED STATES DISTRICT JUDGE**